UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

EMANUEL AGUIRRE,

    Plaintiff,

v.  No. 1:16-01395

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant GEICO General Insurance Company, by and through its counsel, Allen, Shepherd, Lewis & Syra, P.A. (Daniel W. Lewis and Brant L. Lillywhite), hereby files this Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

1. By and through this Notice of Removal, Defendant GEICO General Insurance Company ("GEICO") removes all claims asserted by Emanuel Aguirre ("Plaintiff") against Defendant GEICO on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

2. Plaintiff filed his "Amended Complaint for Bad Faith and Violations of the Unfair Practices Act" ("Amended Complaint") on November 2, 2016 in the First Judicial District Court, County of Santa Fe, State of New Mexico, Cause No. D-101-CV-2016-02472. A copy of the Amended Complaint is attached hereto as "Exhibit A".

3. Plaintiff served the Amended Complaint and summons on Defendant GEICO through the New Mexico Office of the Superintendent of Insurance as a statutory agent for GEICO on November 22, 2016. The Office of the Superintendent of Insurance forwarded these documents on to GEICO, and GEICO received them on November 28, 2016. This removal is therefore timely. *See* 28 U.S.C. § 1441(b)(1).

4.      If the original Complaint was served on GEICO, this removal is still timely because the original Complaint included Kyle Chestnut as a defendant, and he is a New Mexico resident and citizen. After Plaintiff settled with Mr. Chestnut and his liability insurer, Plaintiff voluntarily dismissed his claims against Mr. Chestnut by omitting him as a defendant in the Amended Complaint. This case became removable when GEICO received the Amended Complaint. *See* 28 U.S.C. § 1446(b)(3).

5.      A copy of all process, pleadings (other than the Amended Complaint that is attached as "Exhibit A") and orders that were or may have been served on Defendant GEICO in the state lawsuit are attached hereto as "Exhibit B". *See* 28 U.S.C. § 1446(a).

6.      A copy of the docket sheet from the state lawsuit is attached hereto as "Exhibit C".

7.      This Court has jurisdiction over all claims in this case pursuant to 28 U.S.C. §§ 1332 & 1441(a).

8.      Venue is proper in this Court since Plaintiff's claims relate to an insurance policy issued in New Mexico and insurance claims initiated in New Mexico and since the state lawsuit was filed in New Mexico and removed from a New Mexico state court. *See* 28 U.S.C. §§ 1391, 1441(a) & 1446(a).

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon the Plaintiff promptly after removal.

10.     Defendant GEICO is filing a Notice of Filing Notice of Removal, a copy of which is attached (without its exhibits) to this Notice as "Exhibit D," with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

11. Pursuant to D.N.M.LR-CIV. 81.1(a), Defendant GEICO will submit copies of the records and proceedings from the state court action within twenty-eight days of filing this Notice of Removal.

## Diversity of Citizenship

12. According to his Complaint and upon other information and belief, Plaintiff is a resident and citizen of New Mexico.

13. Defendant GEICO is a Maryland corporation with its principal place of business in Maryland.

14. Defendant GEICO is not a citizen of New Mexico. *See* 28 U.S.C. § 1446(b)(2).

15. Since Defendant is not a citizen of the same state as Plaintiff, complete diversity of citizenship exists for this case. *See* 28 U.S.C. 1332(a)(1).

## Amount in Controversy

16. The amount in controversy exceeds $75,000.

17. Although GEICO denies that Plaintiff is entitled to any damages, the amount in controversy requirement is satisfied by the amount that Plaintiff seeks.

18. New Mexico practice does not permit a demand for a specific sum in a complaint, see NMRA 1-008(A)(3), and Plaintiff's Complaint does not assert a specific total sum. *See* U.S.C. § 1446(c)(2)(A)(ii).

19. Plaintiff's Amended Complaint alleges that GEICO did not attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim. (*See* Ex. A, at 4, ¶ 21(c); *id.* at 5, ¶ 27(c).) The Amended Complaint's prayer for relief requests "the full extent of available uninsured motorist protection/benefits" as damages. (*See id.* 6, ¶ a.)

20. Plaintiff has demanded the post-offset policy limits of $75,000 for uninsured/underinsured motorist ("UM/UIM") benefits.

21. Although GEICO disputes that the UM/UIM limits should be awarded as damages under the circumstances, Plaintiff is seeking those benefits as part of his alleged damages. Therefore, the UM/UIM benefits of $75,000 are part of the amount in controversy in this case.

22. The Amended Complaint alleges that Plaintiff has been injured and damaged by various alleged statutory violations and alleged acts of bad faith. (*See* Ex. A, at ¶¶ 21-23 & 27-28.) The Amended Complaint's prayer for relief requests compensatory damages apparently in addition to the UM/UIM benefits already requested in the previous paragraph. (*See id*. at 6, ¶¶ a-b.) Therefore, it appears that the UM/UIM benefits are not the only compensatory damages that Plaintiff seeks, and the alleged compensatory damages by themselves exceed the amount-in-controversy requirement for diversity jurisdiction.

23. The Amended Complaint alleges that GEICO acted in bad faith (*see* Ex. A, at 4, ¶ 26), maliciously, wantonly, willfully, intentionally and recklessly, (*see id*., at 5, ¶ 27), and that GEICO allegedly placed its interests above Plaintiff's interests (*see id*., at 5, ¶ 27(f)) and without regard for Plaintiff's interests (*see id*., at 4, ¶ 27). These allegations are an attempt to assert a claim for punitive damages. *See* NMRA 13-1718 (jury instruction on punitive damages for insurance bad faith claims); *see also* NMRA 13-1701 (jury instruction for bad faith and equal consideration of interests). The Amended Complaint's prayer for relief includes a request for punitive damages. (*See* Ex. A, at 6, ¶ b.)

24. Although no specific amount or multiplier is alleged by the Complaint, Plaintiff would likely request punitive damages equal at least to the amount of the alleged compensatory damages.

25. Although GEICO disputes Plaintiff's bad faith claim and punitive damages claim, Plaintiff is seeking punitive damages, and the requested punitive damages are part of the amount in controversy.

26. Plaintiff's Complaint seeks attorney's fees. (See Ex. A, at 4, ¶ 24; *id*. at 5, ¶ 30; *id*. at 6, ¶ c.)

27. New Mexico law permits the recovery of reasonable attorney's fees in first party lawsuits against insurance companies if the insured prevails and the court finds "that the insurer acted unreasonably in failing to pay the claim." See NMSA § 39-2-1.

28. The Unfair Claims Practices Act permits an award of attorney's fees if a plaintiff prevails on an Unfair Claims Practices Act claim. *See* NMSA § 59A-16-30.

29. If Plaintiff prevailed on his claims after litigating them through trial, he would likely claim $30,000 to $40,000 in attorney's fees based on the type of case and the allegations against GEICO.

30. Although GEICO disputes Plaintiff should be awarded any attorney's fees, Plaintiff is seeking an award of attorney's fees, and the requested attorney's fees in an amount reasonably anticipated through trial are part of the amount in controversy for purposes of diversity jurisdiction.

WHEREFORE, the removing Defendant, GEICO, gives notice that the above-styled action, which was pending in the First Judicial District, County of Santa Fe, State of New Mexico, as Cause No. D-101-CV-2016-02472 is hereby removed to this Court.

Electronically Filed,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.


By: ___/s/ *Brant L. Lillywhite*___
      Daniel W. Lewis
      Brant L. Lillywhite, Of Counsel
      4801 Lang Ave NE, Suite 200
      PO Box 94750
      Albuquerque, NM 87199-4750
      505-341-0110
      dlewis@allenlawnm.com
      blillywhite@allenlawnm.com
      *Counsel for GEICO General Ins. Co.*


I HEREBY CERTIFY that on the 22nd day of December, 2016, I served the foregoing by email upon the following counsel:

    alucero@898-bell.com
    Amanda R. Lucero, Esq.
    Ron Bell Injury Lawyers

_/s/ *Brant L. Lillywhite*_____
Brant L. Lillywhite