FILED IN MY OFFICE
DISTRICT COURT CLERK
11/2/2016 4:18:31 PM
STEPHEN T. PACHECO
Bernadette Hernandez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

EMANUEL AGUIRRE,

     Plaintiff,

v.                           D-101-CV2016-02472

GEICO GENERAL INSURANCE COMPANY,

     Defendant.

## AMENDED COMPLAINT FOR BAD FAITH AND VIOLATION OF THE UNFAIR PRACTICES ACT

COME NOW Plaintiffs, by and through counsel, Ron Bell Injury Lawyers (Amanda R. Lucero), and for this Complaint respectfully state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Emanuel Aguirre ("Aguirre") is a resident of San Juan County, New Mexico.

2.     Defendant Geico General Insurance Company ("Geico"), is a foreign corporation and is authorized to transact business in the State of New Mexico and may be served with process by delivery of summons and a true and accurate copy of this Complaint to the Office of Superintendent of Insurance, P.O. Box 1689, Santa Fe, NM 87504-1689.

3.     This Court has jurisdiction over the parties and subject matter of this litigation and is the appropriate venue for resolution of all disputes as between the parties hereto.

### GENERAL ALLEGATIONS

4.     On or about January 31, 2015, Plaintiff was involved in a collision in San Juan County New Mexico.

5.     Plaintiff has now settled the claim against the at fault driver.


EXHIBIT
A

6.      At the time of the collision which is the subject of this litigation, Aguirre was a Class I insured under one or more Geico automobile insurance policies providing underinsured motorist coverage.

7.      On June 14, 2016 Plaintiff made an underinsured motorist claim with Defendant Geico.

8.      Plaintiff had fully and completely complied with all applicable terms and conditions contained in the Geico insurance policy which is the subject of this litigation.

9.      On June 28, 2016 Geico adjuster Kathy Brown, requested a statement from Plaintiff, the estimate of the damage to the vehicle as well as any pictures and numerous documents related to a 2013 motor vehicle accident.

10.     On July 25, 2016, and August 8, 2016 Plaintiff contacted the Geico adjuster Kathy Brown regarding his willingness to sign a medical release for the documents Geico was requiring and provide a statement; Geico failed to respond.

11.     On August 11, 2016, Plaintiff, via his counsel, sent a letter to Geico adjuster Kathy Brown, regarding her failure to provide the release or respond to Plaintiff's attempts to set a statement; Geico failed to respond.

12.     On August 19 Plaintiff again followed up with Geico regarding his willingness to provide a statement and sign a medical release; Geico failed to respond.

13.     On September 8, 2016, Plaintiff again followed up with Geico regarding his willingness to provide a statement and sign a medical release; Geico failed to respond.

14.     On October 25, 2016, Plaintiff filed suit against Geico to obtain the Uninsured Motorist benefits due to him as well as a claim for a violation of Unfair Claims Practices due to Geico's failure to respond.

15.    On October 25, 2016, Adjuster Kathy Brown made an offer of policy limits to settle Plaintiff's Underinsured Motorist Claim; Plaintiff, via his counsel, requested that this offer be sent in writing and that the check be issued immediately; Geico failed to respond in writing.

16.    On October 26, 2016, Plaintiff's Counsel again requested that the offer be made in writing during a phone call with adjuster Kathy Brown. Geico failed to respond.

17.    On October 31, 2016, Adjuster Kathy Brown confirmed that the check for the uninsured motorist coverage had gone out, but she still failed to correspond in writing regarding this.

### VIOLATION OF UNFAIR INSURANCE PRACTICES ACT

18.    Plaintiff realleges the allegations contained in paragraphs 1-17 as contained herein.

19.    At all times material, there was in the State of New Mexico a statute NMSA 1984, §59A-16-20, (1997) (hereinafter the "Unfair Insurance Practices Act") defining and prohibiting certain unfair and deceptive insurance practices.

20.    The actions of the Defendant Geico, its agents and employees as set forth above constitute unfair insurance trade practices prohibited by NMSA 1984, §59A-16-1 through §59A-16-30.

21.    Defendant Geico breached the Unfair Insurance Practices Act by knowingly committing the following acts:

(a)    Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insured's arising under policies;

(b)    Failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under the policy;

3

(c)     Not attempting in good faith to effectuate a prompt, fair and equitable settlement
of the claims of Plaintiff in which liability has become reasonably clear;

(d)     Compelling Plaintiffs to institute litigation to recover amounts due under the
policy by offering substantially less than the amounts ultimately recovered by
Plaintiffs when Plaintiffs made claims for amounts reasonably similar to amounts
ultimately recovered;

22.     As a direct and proximate result of Defendant Geico's breach, the Plaintiff has
been injured and damaged.

23.     The monetary value of Plaintiffs' injuries and damages should be determined by a
jury.

24.     Plaintiffs are entitled to recover attorney fees and costs in pursuing this action
pursuant to NMSA 1978, §59A-16-30.

## INSURANCE BAD FAITH

25.     Plaintiff realleges the allegations contained in paragraphs 1-24 as contained
herein.

26.     Defendant Geico had the duty to act in good faith and deal fairly with its insured.

27.     Defendant Geico willfully, recklessly and without regard for the rights of Plaintiff
breached the duty of good faith and fair dealing owed to Plaintiff by knowingly committing the
following acts:

(a)     Failing to adopt and implement reasonable standards for the prompt investigation
and processing of insureds' claims arising under policies;

4

(b)    Failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

(c)    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the claims of Plaintiff in which liability has become reasonably clear;

(d)    Compelling Plaintiff to institute litigation to recover amounts due under the policy by offering substantially less than the amounts ultimately recovered by Plaintiff when Plaintiff made claims for amounts reasonably similar to amounts ultimately recovered;

(e)    Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for the offer of a compromised settlement; and

(f)    Placing its interest over its insured's interest by offering an amount substantially less than the amount ultimately recovered.

28.    As a direct and proximate result of Defendant Geico's negligent, malicious, wanton, willful, intentional, and reckless acts, the Plaintiff has been injured and damaged.

29.    The monetary value of Plaintiff's injuries and damages should be determined by a jury.

30.    Plaintiff is entitled to recover attorney fees and costs in pursuing this action pursuant to NMSA 1978, 39-2-1 (1953).

## PRAYER

WHEREFORE, the Plaintiff respectfully prays this Court for relief as follows:

(a)     For judgment as against Geico to the full extent of available uninsured motorist protection/benefits pursuant to any policy issued by Geico and under which Plaintiffs may be considered an insured;

(b)     For judgment as against Geico in an amount exceeding the minimum jurisdictional limits of this Court, including both compensatory and punitive damages, together with all available interest at the maximum legal rate;

(c)     For Plaintiffs' costs incurred in pursuit of this action including attorney's fees to the extent permitted by law; and

(d)     For any and all relief to which it may appear the Plaintiffs are entitled including trial by jury.

Respectfully submitted,

RON BELL INJURY LAWYERS

/s/ Amanda R. Lucero
Amanda R. Lucero
Attorney at Law
610 Seventh Street, N.W.
Albuquerque, NM 87102
(505) 242-7979 Ext. 339